Filed 1/28/26  P. v. Dukes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086270 |
| v. | (Super.Ct.No. CR52208) |
| DARNELL MAURICE DUKES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Brian E. Hill, Judge. (Retired judge of the Santa Barbara Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Darnell Maurice Dukes, in pro. per.; Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Darnell Maurice Dukes appeals from the trial court's resentencing decision pursuant to his stipulated agreement entered at his resentencing

1

hearing under Penal Code section 1172.75.[1]  Appointed appellate counsel has filed a no-issue brief and requested our independent review under *People v. Delgadillo* (2022) 14 Cal.5th 216, 23 (*Delgadillo*).  We have reviewed the potential issues suggested by counsel for our consideration and find no arguable matters on which to request briefing by the parties.  (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success" on appeal].)  We have also reviewed defendant's supplemental brief.  (See *Delgadillo*, at p. 232.)  As we briefly explain *post*, there is no merit in his contentions, the bulk of which attack his underlying conviction and are outside the scope of review on appeal.  We therefore affirm the trial court's resentencing decision.

## BACKGROUND

In November 1994, a jury found defendant guilty of numerous serious offenses: kidnapping for ransom (§ 209, subd. (a), count 1); kidnapping for robbery (§ 209, subd. (b), count 2); two counts of robbery (§ 211, counts 3 & 4); and one count of residential burglary (§ 459, count 5).  The jury made a specific finding on count 1 that defendant intentionally confined the victim in a manner exposing him to a substantial likelihood of death.  The jury further found enhancement allegations true on counts 1, 2, and 3 that defendant personally used a firearm (§ 12022.5, subd. (a)); on counts 4 and 5 that defendant armed himself with a firearm (§ 12022, subd. (a)(1), and that, for different prior offenses, defendant had a serious felony conviction (robbery, § 667, subd. (a)) and

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

served a prior prison term (§ 667.5, subd. (b)).  The jury also found defendant guilty of one count of illegal firearm possession as a felon (§ 12021, subd. (a)(1), count 6), but was unable to agree on a second such charge (*ibid*., count 7), on which the trial court declared a mistrial.

The trial court sentenced defendant to life without the possibility of parole (LWOP) on the kidnapping for ransom count and stayed execution of a similar LWOP term on the kidnapping for robbery count.  The court also imposed an aggregate consecutive determinate term of 18 years in prison on the remaining counts and enhancements.  The judgment was affirmed on appeal in an unreported case, with a minor clerical correction to the abstract of judgment.

Defendant was 24 years old at the time of the offenses.  Although not relevant to the issues on appeal, for context and according to defendant's probation report, the victim reported that a cohort of four men he believed were gang members, including defendant, kidnapped him and robbed him of $6,000.  The incident began with the victim being ordered out of his car at defendant's home, where he was handcuffed, carried inside, and subjected to beatings, demands for money, and multiple instances of Russian Roulette, with his assailants pointing a revolver at his head and pulling the trigger.  When the victim conceded he had money at his girlfriend's place, they drove there, entered with the victim's key, bound his girlfriend, stole the $6,000, and returned to defendant's residence. Then, binding the victim's hands, feet, and mouth with duct tape, the men put the victim in the trunk of a car.  Once underway, while on a freeway, the victim was able to free his hands, remove the tape from his mouth, open the trunk from the inside, and cut his feet

loose with a license plate. He leapt out into traffic when the car slowed and he flagged down a passing motorist. The motorist had a cellphone and called the police. During the ordeal, the victim suffered 12 separate injuries to his head. According to the probation report, defendant freely admitted to police his involvement in the crimes.

The record reflects numerous unsuccessful in propria persona filings by defendant over the years following his conviction.

Then, in December 2023 defendant was initially resentenced in a section 1172.75 proceeding, with his prison prior being stricken to reduce his determinate sentence by one year—to 17 years—while his LWOP indeterminate sentence remained in place. The matter, however, was continued on defendant's motion for "Further Resentencing" consideration. In March the following year, defendant retained private counsel and the trial court relieved appointed counsel. In November 2024 the trial court approved an order stipulated to by the parties to obtain defendant's "C-file" from prison authorities, excluding any of defendant's medical or psychological records.

In March 2025 defendant, through his attorney, filed "pursuant to PC § 1171.1" a lengthy resentencing petition. The court granted defendant's accompanying request in the petition to appear for resentencing.

In May 2005 the trial court held its hearing regarding defendant's "Further Resentencing." Defendant's retained counsel noted at the outset of the hearing that she was "appearing 977" in his absence. When the court acknowledged it received the parties' stipulation to defendant's resentencing "signed by both Ms. Bond [for defendant] and Mr. Walters [for the district attorney's office]," the prosecutor briefly summarized the stipulation as follows: "Just a quick background, your Honor. This is 1172.75 resentencing. So, currently, [defendant]'s serving life without the possibility of parole. After this [proposed, stipulated] resentence, your Honor, his sentence will be 17 years determinate, plus life *with* the possibility of parole." (Italics added.)

The court then inquired of defense counsel whether "you waive your client's presence for this proceeding," to which counsel answered, "Yes, your Honor." Counsel next affirmed "I have" when the court asked, "And then on the terms of this stipulation, you have been in contact with him?" Finally, when the court queried whether defendant "agrees with this reduction in the sentence," counsel stated, "He does, your Honor." The court then reviewed the stipulated resentencing terms with the parties on the record, confirmed with defense counsel whether the terms were "[s]o stipulated," and counsel answered, "So stipulated, your Honor."

The court then entered an order vacating defendant's sentence and resentencing him according to the parties' stipulation. In pertinent part, that meant the court stayed the LWOP sentence formerly imposed on count 1 for kidnapping for ransom; imposed a sentence of LWOP on count 2, kidnapping for robbery; and restored verbatim the remaining components of defendant's sentence, resulting in, as reflected in the trial

5

court's order, an aggregate "[t]otal sentence [of] 17 years determinate plus life WITH the possibility of parole."

Defendant subsequently filed a handwritten notice of appeal. The notice stated as the grounds of the appeal: "[T]he court erred by conducting the section 1172.75 proceedings in [defendant's] absence and without a valid waiver."

On appeal, this court appointed appellate counsel on defendant's behalf. As noted, counsel filed a no-issue brief. Counsel did not argue against his client, but instead set forth a statement of the case, a statement of facts, and attested he found no issues to advance on appeal, including after consultation with Appellate Defenders, Inc. Counsel identified one potential issue among others he concluded lacked arguable merit, in the event we were to undertake an independent review: Did the trial court properly rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings?

We gave defendant the opportunity to file a personal supplemental brief. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [absent a supplemental brief, the appellate court "may dismiss the appeal as abandoned"].) Defendant responded with a supplemental brief; we vacated submission for him to file it.

## DISCUSSION

Defendant raises a host of issues in his supplemental filing, which includes nine pages of handwritten contentions and more than 20 pages of accompanying material that he labels as exhibits. We turn first to defendant's primary contention, which is the same issue that appointed appellate counsel noted for our potential review.

Defendant argues his presence was required at the resentencing hearing and that the waiver entered on his behalf and accepted by the trial court was legally ineffective. He is incorrect. "As a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.) " '[T]he court can rely upon the representations of defense counsel that the accused was knowingly absent from the proceedings.' " (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110.)

Defendant misplaces reliance on *People v. Velasco* (2023) 97 Cal.App.5th 663, which involved a resentencing hearing held in September 2022, apparently under section 1172.75. (See *Velasco*, at p. 669, fn. 4.) Defendant contends *Velasco* is similar because he, like the defendant there, "was not present at the hearing and there was no (signed) documentation indicating he waived his right to be present." (Original parentheses, presumably for emphasis by defendant.) Since the date of the hearing in *Velasco*, however, section 977 has been amended so that a written waiver by the defendant "may" be filed by the defendant, but is no longer required. (Compare Stats. 2024, c. 51 (A.B.170), § 10, eff. July 2, 2024, with Stats. 2022, c. 57 (A.B.199), § 12, eff. June 30, 2022.) The present statute, which governed at the time of defendant's hearing, provides that "waiver of a defendant's right to be physically or remotely present *may be in writing* and filed with the court *or, with the court's consent, may be entered* personally by the defendant or *by the defendant's counsel of record*." (§ 977, subd. (b)(2), italics

7

added.)  Defense counsel's waiver was therefore valid, contrary to defendant's contention.

Defendant alternately asserts a plethora of differences with counsel retained (apparently by defendant's wife) for the hearing, including that defendant " 'never' signed (any) attorney, client agreement" with her, whether the scope of her representation extended to filing or pursuing a Racial Justice Act claim, whether defendant "waived [his] right to be present" at the resentencing hearing, and other complaints.  These and similar alleged failings, which defendant characterizes as "ongoing professional misconduct," are akin to claims of ineffective assistance of counsel (IAC) that involve factual disputes and therefore, are particularly inappropriate for resolution in an appellate forum.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264.)  We therefore do not review them here.

Defendant's numerous IAC and other claims related to his underlying conviction are similarly unavailing.  These include, among others:  alleged "police misconduct, entrapment" under which defendant's statements "were twisted into a false confession"; unspecified discovery violations under *Brady v. Maryland* (1963) 373 U.S. 83; the assertion defendant "mentioned" to retained postjudgment counsel that the original, underlying " 'Felony Complaint' [filed against him] was clearly deficient and void"; that he was "deprived of a competency hearing" at trial; alleged bias in jury selection; poor advice as to whether he should testify at trial; etc. etc.  Defendant also includes in his brief that he "has a pending *Franklin*[] proceeding since (2021) to no avail."  (See *People*

*v. Franklin* (2016) 63 Cal.4th 261 [discussing youthful offender parole eligibility after 25 years of incarceration, under § 3051].)

All of these claims are outside the scope of appeal from a postjudgment resentencing proceeding after defendant's conviction became final following his first appeal of right.  (Cf. *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 458 ["Appellant cannot use a section 1172.6 resentencing hearing to relitigate facts already determined, whether by plea, admission, or verdict"]; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 ["a section 1170.95 petition is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [resentencing hearing is not " 'a do-over on factual disputes that have already been resolved' "].)  In sum, none of defendant's claims in his supplemental brief invalidate the trial court's resentencing decision.[2]

---

[2]  We note that under the trial court's resentencing decision vacating his LWOP sentence, it appears defendant may have progressed to eligibility for a parole hearing, having served the 17 years comprising his determinate sentence and the base predicate of his life sentence.  If so, "consideration of postconviction factors" that defendant would have the trial court consider on remand in a new section 1172.75 hearing would not gain him, at this point, a parole hearing any earlier.  Those factors and others that defendant may be able to present in his favor would be proper for parole board consideration.  We express no opinion on defendant's eligibility or suitability for parole.

## DISPOSITION

The trial court's resentencing decision is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

RAPHAEL

J.